**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

**FILED**

September 30, 2025

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY: _____**JW**_____

DEPUTY

| | | |
|---|---|---|
| **HERMINIA HERNANDEZ,** | § | |
| | § | |
| **v.** | § | **NO. 3:24-CV-00330-LE** |
| | § | |
| **MARTIN O'MALLEY,** | § | |
| **COMMISSIONER OF SOCIAL** | § | |
| **SECURITY ADMINISTRATION** | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

This is a civil action seeking judicial review of an administrative decision by the Social Security Administration (SSA). Pursuant to 42 U.S.C. § 405(g), Plaintiff Herminia Hernandez, the claimant at the administrative level, appeals from the final decision of Defendant Martin O'Malley, the SSA's Commissioner, denying her claim for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. § 401, et seq. The parties consented to the magistrate judge conducting all proceedings, including the entry of final judgment. For the reasons that follow, the Commissioner's decision is AFFIRMED.

## I.    BACKGROUND

On May 24, 2021, Hernandez applied for Social Security benefits alleging that she became disabled as of August 28, 2020[1], due to neck and left arm pain, pain in her hands that result in tremors, the inability to sit in front of a computer for an extended period of time, and migraine headaches.[2]  She was fifty-seven years old when she applied for benefits.[3]  She has at least a high school education.[4]  Previously, she worked as a caseworker.[5]

---

[1] Tr. of Admin. R. [hereinafter cited as "Tr"] at 20.
[2] *Id*.at 97.
[3] *Id*.at 92.
[4] *Id*. at 61.
[5] *Id*. at 29.

After her claims were denied initially on February 15, 2022 and upon reconsideration on May 8, 2023, Hernandez requested a hearing by an administrative law judge.[6] On January 22, 2024, ALJ Monica J. Anderson (ALJ) held a telephonic hearing, where Hernandez appeared with her attorney.[7]  On April 1, 2024, Monica J. Anderson issued her written decision in which she denied Hernandez's application finding that she was not disabled.[8]  On July 30, 2024, the Appeals Council denied Hernandez's request for review of the ALJ's decision;[9] the ALJ's decision thus became the final decision of the Commissioner.[10]

## II.    STANDARDS FOR DETERMINING DISABILITY AND ALJ'S FINDINGS

Under the Social Security Act, disability is defined as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  In determining disability, the ALJ evaluates the following five-step sequential evaluation process: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe medical determinable impairment; (3) whether the impairment meets or equals a listed impairment; (4) whether the impairment prevents the claimant from doing past relevant work; and (5) whether the impairment prevents the claimant from doing any other work. *See Kneeland v. Berryhill*, 850 F.3d 749, 753 (5th Cir. 2017); *see also* 20 C.F.R. § 404.1520(a)(4). "The burden of proof is on the claimant at the first four steps," *Kneeland*, 850 F.3d at 753. If the claimant meets this burden, at

---

[6] *Id.*at 20.
[7] *Id.*
[8] *Id.*at 20-30.
[9] *Id.*at 4-7.
[10] *Id.*

step five, the burden shifts to the Commissioner to prove the claimant's employability," *Keel v. Saul*, 986 F.3d 551, 555 (5th Cir. 2021).

Between step three and four, the Commissioner assesses the claimant's residual functional capacity (RFC). *Kneeland*, 850 F.3d at 754. "The claimant's RFC assessment is a determination of the most the claimant can still do despite his or her physical and mental limitations and is based on all relevant evidence in the claimant's record." *Id.*; *see also* 20 C.F.R. §§ 404.1520(e), 404.1545(a)(1). The RFC assists in determining whether the claimant can do past work or other available work." *Kneeland*, 850 F.3d at 754.

Here, ALJ Anderson evaluated Hernandez's disability claims pursuant to the abovementioned sequential evaluation process. At step one, the ALJ found that Hernandez had not engaged in substantial gainful activity since August 28, 2020 (her alleged disability onset date).[11] At step two, the ALJ found that Hernandez had the following severe impairments: migraine, carpal tunnel, fibromyalgia, anthropathy, high cholesterol, respiratory disorder, spinal disorder, tremors, and obesity.[12] At step three, the ALJ found that Hernandez did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments for disability.[13] Next, the ALJ found that Hernandez has the residual functional capacity to perform sedentary work except can frequently climb stairs and ramps, can frequently balance, stoop, kneel, crouch, crawl, can never climb ladders, ropes or scaffolds; must avoid unprotected heights and hazardous machinery; the claimant is left hand dominant and is frequently able to reach overhead with the upper extremities bilaterally; is frequently able to

---

[11] *Id.* at 22.
[12] *Id.* at 22-23

[13] *Id.* at 23-24.

3

handle and finger with the left upper extremity; must avoid concentrated exposure to dust, fumes, gases, odors, other pollutants, poor ventilation, and avoid concentrated exposure to extreme heat and cold; and must avoid work outdoors and avoid work in the sunlight.[14]

The ALJ found that Hernandez could perform past relevant work as a case worker.[15] She noted the position of case worker satisfies the recency requirement because the claimant worked for three years and eleven months, which satisfies the durational requirement of 2-4 years for this and the position satisfies the earnings requirement.[16] For this reason, the ALJ concluded that Hernandez had not been disabled since August 8, 2020, the alleged disability onset date, through April 1, 2024, the date of the ALJ's decision.[17]

### III.    APPLICABLE LEGAL STANDARDS

This Court's review of the Commissioner's decision is limited to two issues: (1) whether the final decision is supported by substantial evidence on record as a whole and (2) whether the Commissioner applied the proper legal standards to evaluate the evidence. *Webster v. Kijakazi*, 19 F.4th 715, 718 (5th Cir. 2021).  Substantial evidence is more than a scintilla, less than a preponderance, and is sufficient for a reasonable mind to accept as support for a conclusion. *See Id.*

In applying the "substantial evidence" standard, the court may not reweigh the issues or try the issues *de novo*. *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002). "Conflicts of evidence are for the Commissioner, not the courts, to resolve."  *Sun v. Colvin*, 793 F.3d 502, 508 (5th Cir. 2015).  "A finding of no substantial evidence is appropriate only if no credible

---

[14] *Id.* at 24-29.
[15] *Id.* at 29.
[16] *Id*.
[17] *Id.*

evidentiary choices or medical findings support the decision." *Whitehead v. Colvin*, 820 F.3d 776, 779 (5th Cir. 2016). If the Commissioner's findings are supported by substantial evidence, they are conclusive and must be affirmed. *Martinez v. Charter*, 64 F.3d 172, 173 (5th Cir. 1995)(per curiam). Plaintiff bears the burden of proving her disability by establishing a physical or mental impairment lasting at least twelve months that prevents her from engaging in any substantial gainful activity. 42 U.S.C. § 423.

## IV.    DISCUSSION AND ANALYSIS

Hernandez alleges that the Commissioner erred as a matter of law because (1) her RFC finding should have provided more postural limitations; (2) she failed to properly consider Plaintiff's subjective testimony; and (3) she should have included limitations in the RFC for migraine headaches.[18]

### A.    RFC Determination is Supported By Substantial Evidence

As stated by Defendant, the ALJ has the sole responsibility for evaluating Hernandez's RFC based on the record as a whole. 20 C.F.R. § 404.1546(c).[19] The determination of RFC is an administrative assessment based on the totality of the evidence and the extent to which a claimant's impairments and related symptoms affects the capacity to perform work-related activities. *See* 20 C.F.R. § 404.1545. Hernandez argues that the ALJ substituted her own opinion for that of the medical experts.[20] There is no requirement that the ALJ adopt a specific physician's assessment when determining a claimant's RFC *Miller v. Kijakazi*, No. 22-60541, 2023 WL 234773, at *4 (5th Cir. Jan. 18, 2023) (per curiam). "[T]he ALJ cannot completely disregard medical testimony in making an RFC determination, . . . [but] the ALJ's decision need

---

[18] Pl.'s Br. at 2.
[19] D. Br. at 6.
[20] Pl.'s Br. at 8-9.

not mirror a medical opinion." *Jones v. Kijakazi*, 625 F. Supp. 3d 549, 553 (S.D. Miss. 2022).

The ALJ has the "exclusive responsibility as the fact-finder to evaluate medical opinions . . . and

decide whether they are supported by and consistent with the rest of the record." *Myers v.*

*Berryhill*, 373 F. Supp. 3d 528, 535 (M.D. Pa. 2019).

### 1. Standard for Determination of RFC

The ALJ reviewed all of the relevant evidence and found that Hernandez has the residual

functional capacity to perform sedentary work.[21]  Additionally, the ALJ states that Hernandez can

frequently climb stairs and ramps, can frequently balance, stoop, kneel, crouch, crawl, can never

climb ladders, ropes or scaffolds; must avoid unprotected heights and hazardous machinery; the

claimant is left hand dominant and is frequently able to reach overhead with the upper

extremities bilaterally; is frequently able to handle and finger with the left upper extremity; must

avoid concentrated exposure to dust, fumes, gases, odors, other pollutants, poor ventilation, and

avoid concentrated exposure to extreme heat and cold; and must avoid work outdoors and avoid

work in the sunlight.[22] The ALJ must properly analyze the medical evidence to determine the

claimant's ability to work. *Taylor v. Astrue*, 706 F.3d 600, 603 (5th Cir. 2012). The ALJ must

determine the RFC and is required to determine if the medical opinions provided are

unpersuasive. *Id. See also,* 20 C.F.R. §§ 416.920c, 416.945.

Hernandez states that RFC is inconsistent with the overwhelming number of medical

records showing extensive hand and wrist pain with tremors and with Plaintiff's inability to sit

for prolonged periods of time.[23] Hernandez claims that the ALJ reached conclusions as to

physical exertional capacity without a physician's assessment or in contradiction of a physician's

---

[21] *Tr.* at 24-29.
[22] *Id.*
[23] Pl.'s Br. at 9.

medical assessment which is reversible error. [24]  The ALJ's opinion does not support these arguments.[25] Instead, the record is clear that the ALJ followed the regulations and explained her RFC and opinions clearly.[26]

The ALJ is solely responsible for weighing the medical evidence and determining a claimant's residual functional capacity (RFC). As the Fifth Circuit has emphasized, the "task of weighing the evidence is the province of the ALJ." *Chambliss v. Massanari*, 269 F.3d 520, 523 (5th Cir. 2001). This includes evaluating conflicting medical opinions and deciding how much weight to assign each source. *Adams v. Colvin*, 202 F. Supp. 3d 644, 649 (W.D. Tex. 2016). A reviewing court may not reweigh the evidence or substitute its judgment for the ALJ's judgment even if the evidence weighs against the ALJ's determination. *See Carey v. Apfel*, 230 F.3d 131, 135 (5th Cir. 2000). The record demonstrates the ALJ determined the RFC by considering all the relevant evidence: objective medical evidence, medical opinions, state agency administrative medical findings, and Hernandez's subjective statements.[27]

**2. ALJ Considered Medical Opinions in Conjunction with other Evidence**

Dr. Kwun, a medical consultant, opined that the claimant was capable of light exertion level with unlimited pushing and pulling in upper and lower extremities. She also opined that the claimant could stand, walk, and sit for 6 hours in an 8-hour day and could occasionally climb ramps and stairs; occasionally stoop; frequently climb ladders, ropes, and scaffolds; and frequently balance, kneel, crouch, and crawl. She further opined that the claimant would be limited in handling and reaching, both overhead and in front/laterally, with the claimant's dominant left hand. Dr. Kwun supported her opinion with her medical credentials and her review

---

[24] *Id.*
[25] *Tr.* at 23-29.
[26] *Id.*
[27] *Id.*

of the records, and they existed at the time. However, the ALJ found this opinion less persuasive, as it is inconsistent with information received at the hearing level showing that the claimant is only capable of a sedentary exertional level, and requires restrictions to pulmonary and environmental hazards.[28]

Medical consultant Dr. Matar opined that the claimant was capable of medium exertional level with unlimited pushing and pulling, could stand, walk, and sit for 6 hours in an 8-hour day and had no postural or manipulative limitations. Despite that opinion, the ALJ stated that she found this opinion less persuasive, because it is inconsistent with information received at the hearing level showing that the claimant is only capable of a sedentary exertional level, and also has postural and manipulative limitations.[29]

The ALJ stated that "the consultative examination with Dr. Mehta showed that x-rays of the claimant's hands, wrists and elbows were normal and that he opined that the claimant's examination was normal, with full range of motion in all extremities and the spine. He also opined that the claimant did not require an assistive device to walk."[30] The ALJ found more limitations than what Dr. Mehta found.[31] She states "Dr. Mehta supported this opinion with his medical credentials and his examination of the claimant. The undersigned finds this opinion less persuasive, as it is inconsistent with evidence received at the hearing level showing that the claimant is only capable of a sedentary exertional level, and also has postural and manipulative limitations. The claimant submitted information showing that she has cervical spondylosis,

---

[28] *Id.* at 27.
[29] *Id.* at 27-28.
[30] *Id.* at 28.
[31] *Id.*

cervical radiculopathy, and narrowing of the lumbar spinal canal, which supports further restrictions. Further, the claimant has carpal tunnel syndrome with tremors in her left hand."[32]

Finally, Dr. Amakiri examined Plaintiff and opined that she had no limitations with speaking, hearing, handling objects, carrying, lifting, moving about, standing, and sitting. However, the ALJ found this opinion less persuasive, as it is inconsistent with information received at the hearing level showing that the claimant is only capable of a sedentary exertional level, and also has postural and manipulative limitations.[33]

In addition to all the medical opinions discussed above, the ALJ specifically discussed the testimony of Hernandez, the medical records and additional evidence.[34] In formulating the RFC, the ALJ must consider the totality of the evidence in the record, not just medical opinions. *Garner v. Kijakazi*, No. 1:22-CV-0563-DH, 2023 WL 1976713, at *5 (W.D. Tex. Feb. 13, 2023) (citing 20 C.F.R. § 404.1529(a)-(d)). This includes Hernandez's medical history, clinical signs, laboratory findings, reported symptoms, daily activities, medications, and treatment history. *Id*.

It is clear from the record that the ALJ did not substitute her lay opinion but instead did a detailed analysis of the relevant evidence to determine the RFC.[35]  When developing the RFC, the ALJ considered the medical evidence, medical opinions in the record, and the claimant's testimony. The Court concludes that there is substantial evidence to support the ALJ's decision on the RFC.

### B.    ALJ Properly Considered Plaintiff's Subjective Complaints

Social Security Ruling 16-3p explains that an individual's statements of symptoms alone are not enough to establish the existence of a physical or mental impairment or disability.  SSR

---

[32] *Id.*
[33] *Id.*
[34] *Id.* at 23-29.
[35] *Id.*

16-3p, 2017 WL 5180304, at *1-2 (Oct. 25, 2017). The ALJ, however, cannot ignore statements of symptoms but, rather, must evaluate them according to the two-step process set forth in this regulation. The ALJ must consider whether there is an underlying medically determinable physical or mental impairment(s) that could reasonably be expected to produce an individual's symptoms, such as pain; and evaluate the intensity and persistence of the symptoms to determine the extent to which the symptoms limit an individual's ability to perform work-related activities. *Id.* at *2–4. The ALJ must evaluate the symptoms experienced by the claimant by looking at the objective medical evidence, the claimant's statements, medical sources, and several other factors, including daily activities, aggravating symptoms, pain characteristics, treatment, medication, etc. *Id.* at *3–6. In performing this evaluation, the ALJ is not, however, required to articulate expressly every regulatory factor or reason in making this determination. *See Undheim v. Barnhart*, 214 F. App'x 448, 451 (5th Cir. 2007). A fact-finder's evaluation of the credibility of subjective complaints is entitled to judicial deference if supported by substantial record evidence. *Villa v. Sullivan*, 895 F.2d 1019, 1024 (5th Cir. 1990).

Hernandez claims that the ALJ failed to articulate adequate reasons for rejecting Plaintiff's subjective complaints in compliance with regulation and that it was unsupported by substantial evidence.[36] An ALJ is not required to give subjective evidence precedence over objective medical evidence. As the Fifth Circuit held in *Hollis v. Bowen*, 837 F.2d 1378, 1385 (5th Cir. 1988), the ALJ must evaluate the credibility of the claimant's complaints in light of the full record and resolve any conflict between subjective allegations and objective medical findings. *Hollis v. Bowen,* 837 F.2d 1378, 1385 (5th Cir.1988). The ALJ's evaluation of credibility is entitled to deference where it is based on substantial evidence and clearly

---

[36] Pl.'s Br. at 15.

explained. *Id.* In assessing credibility, the ALJ must consider whether the claimant's statements about the intensity, persistence, and limiting effects of symptoms are reasonably consistent with the medical and other evidence of record. *See* 20 C.F.R. § 404.1529.

The ALJ states that she finds "claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision."[37] As for the claimant's statements about the intensity, persistence, and limiting effects of his or her symptoms, they are inconsistent for the following reasons: (1) The claimant does have fibromyalgia and other general arthropathies. The claimant was diagnosed with polyarthralgia and given a prescription for prednisone. She complained of pain in left hand, wrist, right hand, right knee, elbows and lower back. She reported less joint pain with steroids. Dr. Chabra diagnosed her with fibromyalgia, and she was prescribed Duloxetine and instructed to taper off steroids. The claimant reported doing better on her medications. Dr. Chabra recommended physical therapy several times for her complaints of pain, however there is no evidence in the record that the claimant attended;[38] (2) The claimant's carpal tunnel syndrome was described as mild[39]; and (3) "The claimant does have MRIs that show cervical spondylosis with osteophyte formations and narrowing of the lumbar spinal canal. However, while the claimant complains of pain and stiffness in her neck, most examinations over the period at issue reveal that her neck has full range of motion. Likewise, her lumbar spine examinations normal with mostly full range of motion, and only abnormal finger-floor distance."[40]

---

[37] *Id.* at 26.
[38] *Id.*
[39] *Id.*
[40] *Id.* at 26-27.

Contrary to Plaintiff's argument, the record is clear that the ALJ did evaluate her daily activities.[41] She appropriately balanced Plaintiff's subjective symptoms against the objective medical records; therefore, substantial evidence supports the ALJ's decision.[42] *See Villa*, 895 F.2d at 1022, 1024. Because the ALJ correctly analyzed Plaintiff's subjective complaints under the regulations and there is substantial evidence to support her decision, the Court overrules Plaintiff's second point of error.

### C.    ALJ Provided Sufficient Limitations to Address Migraine Headaches

Hernandez argues that in evaluating the migraines headaches, the RFC does not account for all functional limitations from migraines.[43] Hernandez alleges that the ALJ failed to build an accurate and logical bridge between the final RFC determination and the migraine headaches.[44]

The ALJ states, "The claimant complained of migraines in the right side of her head. She was prescribed Maxalt, Topamax and emgality, to treat her migraines. She continued to complain of migraines since her Covid diagnosis. This supports the residual functional capacity restriction of avoiding work outdoors or in sunlight."[45] Plaintiff argues that the statement does not account for issues with indoor bright lights in an indoor office space or time off needed.[46] As noted above, the ALJ found that she did not support all of Plaintiff's subjective claims.[47]  Hernandez does not support any claim for being unable to work indoors or time off needed with any medical opinion.  There was no evidence developed on these issues in the record. The ALJ relied on the

---

[41] *Id.* at 25.
[42] *Id.* at 20-30.
[43] Pl. Br. at 18.
[44] *Id.* at 19.
[45] Tr. at 27.
[46] Pl. Br. at 19.
[47] Tr. at 26-28.

vocational expert's testimony in response to questions pertaining to the assessed RFC which supports the decision.[48]

An "ALJ is not required to incorporate limitations in the RFC that he did not find to be supported in the record." *Loaiza v. Kijakazi*, No. SA-20-CV-01110-ESC, 2022 WL 980154, at *5 (W.D. Tex. Mar. 31, 2022). The weight to be given the evidence is within the ALJ's discretion. *Id.* The record is clear that the RFC is supported by substantial evidence.

For the reasons stated above, the Court finds that the ALJ's decision was based on substantial evidence. Hernandez has not demonstrated that she suffered harmful errors or prejudice.

## V.    CONCLUSION

For the foregoing reasons, IT IS ORDERED that the Commissioner's decision is AFFIRMED.

So ORDERED and SIGNED this 30th day of September 2025.

_____
**LAURA ENRIQUEZ**
**UNITED STATES MAGISTRATE JUDGE**

---

[48] *Id.* at 112-116.